**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **T.P., C.D., and H.P.**

**No. 22-0305** (Pocahontas County 20-JA-10, 20-JA-11, and 20-JA-12)

**MEMORANDUM DECISION**

Petitioner Mother T.T.[1] appeals the Circuit Court of Pocahontas County's March 11, 2022, order terminating her parental and custodial rights to T.P., C.D., and H.P.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R.A.P. 21.

In December of 2020, the Department of Health and Human Resources ("DHHR") filed a petition alleging that petitioner had abandoned the children in the care of inappropriate caregivers. The DHHR alleged that the children were cared for by their maternal grandparents who medically neglected and physically abused them. Then-five-year-old T.P. suffered from an infection in his face, which went untreated for several months resulting in substantial tissue loss around his nose and lips.[3] Then-seven-year-old H.P. was diagnosed with severe scoliosis for which the grandparents did not maintain regular appointments. Both children were malnourished and diagnosed with anemia. The DHHR alleged that C.D. was in remission from leukemia, for which the grandparents did not maintain scheduled medical appointments. Petitioner was a resident of Pennsylvania at all times relevant to these proceedings. In February of 2021, petitioner stipulated to the allegations in the petition, and the circuit court adjudicated her as an abusing parent. Petitioner was granted an improvement period in April of 2021 and later granted extensions to that improvement period.

---

[1]Petitioner appears by counsel Kristopher Faerber. The West Virginia Department of Health and Human Resources appears by counsel Patrick Morrisey and Andrew T. Waight. Michael R. Whitt appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R.A.P. 40(e).

[3]T.P.'s treating physician later described T.P.'s injuries as the worst case of nonfatal child abuse and neglect that she had personally witnessed in her fifteen-year career.

1

The circuit court held dispositional hearings in December of 2021 and February of 2022, after which it entered an order terminating petitioner's parental rights to the children on March 11, 2022. In so doing, the court first considered the special needs of the children. It noted that T.P. had undergone major surgery to correct the preventable facial deformities that he suffered while in the care of his grandparents, which may also require additional future surgery. It also heard evidence that H.P. was required to wear a back brace twenty-three hours per day to correct her scoliosis, a condition that was exacerbated by the grandparents' neglect, and would need surgery in the coming years. The court reasoned that both children required a heightened level of care and supervision to ensure their needs were met.

The circuit court found that petitioner did not substantially comply with the terms and conditions of her post-adjudicatory improvement period. The court considered that petitioner participated in a parental fitness evaluation, which recommended that, prior to reunification, petitioner demonstrate stability and consistency in housing for six to nine months. The court found that petitioner failed to demonstrate consistency in housing, citing evidence that petitioner moved three separate times during the pendency of the proceedings but none of her homes had been approved by the DHHR. Furthermore, petitioner failed to participate in services and visitation with the children in West Virginia after July of 2021, which she blamed on transportation issues and her work schedule. Despite the DHHR's attempts to approve an Interstate Compact on the Placement of Children ("ICPC") with Pennsylvania, the process failed because Pennsylvania's ICPC authority was unable to reach petitioner. The court found that petitioner's inconsistent visitation with the children "affected their desire to communicate" with petitioner. Considering petitioner's lack of participation and the children's placement in foster care for fourteen months during the proceedings, the court concluded that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future and that it was necessary for the children's welfare to terminate petitioner's parental and custodial rights. Petitioner now appeals the circuit court's order.[4]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner argues that the circuit court erred in terminating her parental rights because the ICPC process failed, and that failure warranted the provision of additional time for an improvement period. We disagree. West Virginia Code § 49-4-610(4) provides that the parent "shall be responsible for the initiation and completion of all terms of the improvement period." By petitioner's recounting of the facts of this case, she participated in the formulation of and agreed to the terms of her improvement period. Yet, the circuit court found that she did not meet her obligation in completing the terms of her improvement period. Although petitioner blames the "failure" of the ICPC process in this case, the record provides only that the ICPC authority in Pennsylvania was unable to contact

---

[4]The parental and custodial rights of T.P. and H.P.'s father were also terminated. According to the parties, the permanency plan for those children is adoption in their current placement. C.D.'s father retains his parental rights, and that child has achieved permanency in her father's care.

petitioner. Apparent from her argument, petitioner asserts that the ICPC process was vital to her success in her improvement period, but there is no evidence she attempted to facilitate that process. Considering petitioner's responsibility to complete the terms of her improvement period and her failure to do the same, we find the circuit court did not err in denying petitioner additional time to improve, especially considering that the children had already spent fourteen months in foster care. *See* W. Va. Code § 49-4-610(9) (restricting circuit courts from granting improvement periods that would result in the children being in foster care "more than fifteen months of the most recent twenty-two months, unless the court finds compelling circumstances by clear and convincing evidence that it is in the child's best interests to extend the time limits").

Further, we find no error in the circuit court's decision to terminate petitioner's parental and custodial rights. The circuit court found that petitioner failed to follow through with a reasonable family case plan designed to remedy the conditions of neglect and abuse, which supports its finding that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future. *See* W. Va. Code § 49-4-604(d)(3) (providing that there was no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when "the abusing parent . . . [has] not responded to or follow through with a reasonable family case plan"). The court's findings are fully supported by the record and were sufficient to terminate petitioner's parental and custodial rights. *See* W. Va. Code § 49-4-604(c)(6) (authorizing the termination of parental rights upon said findings). *See also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (holding that "[t]ermination of parental rights . . . may be employed . . . when it is found that there is no reasonable likelihood . . . that the conditions of neglect or abuse can be substantially corrected"). Accordingly, we find petitioner is entitled to no relief in this regard.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 11, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: October 26, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn